IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

RAYMOND CAMACHO,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS
CORRECTIONAL OFFICER RODRIGUEZ, in his individual capacity
CORRECTIONAL OFFICER FORD, in her individual capacity
UNKNOWN CORRECTIONAL OFFICERS, in their individual capacity

    Defendants.

## COMPLAINT AND JURY DEMAND

The Plaintiff, Raymond Camacho, hereby brings this Complaint and Jury Demand against the Defendants, Colorado Department of Corrections, hereafter, ("CDOC"), Correctional Officer Rodriguez, and Unknown Correctional Officers, in their individual capacities, and states in support as follows:

### NATURE OF THE CLAIMS

1. This action is brought against the CDOC and its employees or agents for failure and refusal to treat plaintiff's medical needs pursuant to the laws of Colorado, 42 U.S.C. § 1983, the Eighth Amendment to the United States Constitution, and the Colorado Constitution against the Defendants.

1

2. Plaintiff is seeking declaratory, injunctive, equitable relief, and monetary damages to redress Defendant's violations of federal law.

## JURISDICTION AND VENUE

3. This action arises under the Constitution and laws of the United States, including

4. Article III, Section 1 of the United States Constitution and 42 U.S.C. § 1983.

5. The Jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §§ 1331.

6. This case is instituted in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

## PARTIES

7. Mr. Camacho hereby incorporates paragraphs 1-8 by reference.

8. Mr. Raymond Camacho is a United States citizen who is now 37 years.

9. At all times relevant hereto, Corrections Officers Rodriguez and Ford were an employee of CDOC working at the Buena Vista Correctional Facility and were residents of Colorado and citizens of the United States of America.

10. These Defendant were responsible or gate keepers to medical care for Plaintiff during his detention. At all material times, these Defendants were acting under color of state law.

## FACTUAL ALLEGATIONS

11. In October of 2022, Mr. Camacho was in custody with the Colorado Department of Corrections, at the Buena Vista Correctional Complex.

12. Mr. Camacho began experiencing increasing stomach pain on October 16th, 2022, to an unknown on-duty correctional officer that was on duty.

13. Mr. Camacho was told that "it was gas and to go walk it off".

14. On October 18th, 2022, Mr. Camacho told Corrections Officer Rodriguez twice that his stomach pain was severe, painful, that he couldn't sleep, and had been throwing up. Corrections Officer Rodriguez told Mr. Camacho that he was "a liar" and denied him medical treatment and medical evaluation.

15. Mr. Camacho was not transported for medical treatment and no medical care was provided on October 18th, 2022.

16. Again, on October 19th, 2022, Mr. Camacho told Corrections Officer Ford that he was in extreme pain and throwing up again. Officer Ford stated that she would be back after her rounds and never came back. Mr. Camacho was not transported for medical treatment and no medical care was provided on October 19th, 2022.

17. On October 20th, 2022, when Mr. Camacho was released from his cell, he went and spoke to Correctional Officer Patterson. Correctional Officer Patterson finally took him to the infirmary because he was clammy and pale.

18. When he went to the infirmary the unknown nurse on duty stated that she thought his appendix had ruptured.

19. Mr. Camacho then waited over two hours for staff to begin the transportation process to the Heart of The Rockies Regional Medical Center.

20. CDOC records suggest that Mr. Camacho was finally transported to the hospital at approximately 9:34 AM although he had been told hours before that he had ruptured his appendix.

21. CDOC staff or CDOC officers, employees, or agents did not call for an ambulance for Mr. Camacho.

22. The closest hospital was in Salida, CO and was at least a half hour drive away from the Buena Vista Correctional Facility.

23. Mr. Camacho arrived at the Heart of the Rockies Regional Medical Center, Emergency Department and was finally admitted at approximately 10:48 AM.

24. Mr. Camacho had to undergo emergency surgery, the surgeon noted that the appendix was ruptured, with a large amount of purulent fluid surrounding the inflammatory tissue in the right lower quadrant. The appendix was gangrenous and perforated.

25. The gangrenous and perforated appendix clearly indicated that Mr. Camacho's medical needs were left untreated for far too long and exacerbated his condition, recovery, pain, and suffering.

26. The lack of timely treatment was needless and caused additional damages to Mr. Camacho.

27. Mr. Camacho spent the next six days in the hospital. He returned to the Buena Vista Correctional Facility on October 26, 2022.

28. Mr. Camacho developed further complications from his medical condition and original lack of treatment by the Defendants.

29. Mr. Camacho had to undergo further surgeries and substantial medical treatment after the original surgery and was transported to Memorial Hospital in Colorado Springs in late October and early November of 2022.

30. Mr. Camacho's condition of a ruptured appendix was a medical emergency that required immediate hospitalization, which Mr. Camacho was denied.

31. The harm suffered was serious, required immediate medical attention, and when left without treatment became substantially worse medically for Mr. Camacho.

32. The Defendants actions or inactions by denying Mr. Camacho treatment were cruel and unusual punishment.

33. Mr. Camacho's medical needs were sufficiently serious and <u>so obvious</u> that even a lay person would easily recognize the necessity for a doctor's prompt attention.

34. CDOC staff knew of and disregarded an excessive risk to Mr. Camacho's health and safety.

35. Any reasonably trained Department of Corrections Officer knows that a man experiencing severe internal pain, discomfort, and throwing up is in a medical crisis and needs to be transferred to the hospital immediately.

36. Simply leaving Mr. Camacho in his cell for hours, failing to get him medical attention and then failing to transfer him to the hospital in a timely matter violates Mr. Camacho's constitutional rights.

37. CDOC actions or inaction showed they simply did not want to take Mr. Camacho to the hospital and did so after it was far too late. This conduct led to

Mr. Camacho being much sicker than he should have been and exacerbated his pain and suffering and required additional medical treatment and care.

38. Plaintiff exhausted his administrative remedies as required by law and DOC procedures through appropriate grievances so that the Defendants are on notice of the Defendants factual allegations and claims.

## CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983: Deliberately Indifferent Medical Care and Exposing Plaintiffs to a Substantial Risk of Serious Harm (Against All Defendants)**

39. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

40. 42 U.S.C. § 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

41. Mr. Camacho was a citizen of the United States and Defendants to this claim are persons for the purposes of for purposes of 42 U.S.C. § 1983.

42. Mr. Camacho had a clearly established right under the Eighth Amendment to be free from deliberate indifference and reckless disregard for known serious medical needs.

43. Mr. Camacho was an inmate at CDOC and thus protected from deliberate indifference to his known serious medical needs by the Eighth Amendment.

44. All Defendants to this claim, at all times relevant to the claims, were acting under color of state law.

45. Defendants, as willful participants in a joint activity, had actual knowledge of Mr. Camacho's serious medical needs and deteriorating condition and nonetheless, with deliberate indifference, decided not to let him get treatment or provide him with obviously necessary urgent medical care in a timely manner.

46. Defendants did this despite being expressly aware of Plaintiff's known serious medical needs and recklessly disregarding a substantial risk of physical harm and death to Plaintiff.

47. Defendants continued to act in bad faith and with deliberate indifference to Mr. Camacho's serious medical needs and constitutional rights when they consciously ignored his repeated requests that he receive medical attention and intentionally denied and/or delayed his access to medical care.

48. As a direct result of Defendants' unlawful conduct, Mr. Camacho suffered extreme physical and mental pain and suffering while he was in Defendants' custody.

49. These intentional actions and inactions of each Defendant intentionally deprived Mr. Camacho of due process and of rights, privileges and liberties secured by the Constitution of the United States of America causing him damages.

**WHEREFORE**, Mr. Camacho prays the Court as follows:

A. Past and future medical expenses, including non-economic damages in the form of loss of constitutional rights, pain, suffering, inconvenience, loss of enjoyment of life, and diminished quality of life and other special damages, all in amounts to be proven at trial.

B. Plaintiff is entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988, prejudgment interest and costs as allowable by federal law.

C. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against individual Defendants, in that the actions were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

D. All appropriate relief at law and equity.

E. Punitive damages on all claims allowed by law and in an amount to be determined at trial.

F. Attorneys' fees and costs associated with this action, including expert witness fees, on all claims allowed by law.

G. Pre and post-judgment interest at the highest lawful rate; and any further relief that this Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES RAISED IN THE PLEADINGS**

Respectfully submitted this 9th day of October 2024.

FLESCH LAW

s/ Kevin C. Flesch
_____

Kevin C. Flesch
Flesch Law
333 W. Hampden Ave., #750
Englewood, CO 80110
Telephone: 303-806-8886
FAX: 303-806-8882
E-mail: kevinflesch@fleschlaw.com
Attorneys for Plaintiff

9